## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**RICK and NANCY WALKER,**
Husband and Wife                                                                                       **PLAINTIFFS**

v.                                        **Case No. 4:13-cv-00272-KGB**

**BRANER USA, INC.;**
**and JOHN DOES 1-5**                                                                                  **DEFENDANTS**

**BRANER USA, INC.**                                                                        **THIRD-PARTY PLAINTIFF**

v.

**LOMANCO, INC. and**
**MARCUS SMITH**                                                                       **THIRD-PARTY DEFENDANTS**

### ORDER

Before the Court is the motion to dismiss voluntarily without prejudice filed by plaintiffs Rick Walker and Nancy Walker (Dkt. No. 28). The Walkers move to dismiss voluntarily and without prejudice their claims against defendants pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure. Rule 41(a)(1) provides in part that a plaintiff may dismiss an action without a court order by filing "(i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1). The Walkers' motion does not meet the requirements of Rule 41(a)(1).

"Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Accordingly, the Court construes the motion as a request for dismissal by court order under Rule 41(a)(2).

Defendant Braner USA, Inc. ("Braner") has responded and has no objection to the Walkers' motion (Dkt. No. 29). Third-party defendants Lomanco, Inc. ("Lomanco"), and Marcus Smith have not responded the motion, and the time for responding has passed. Although Braner has no objection to the motion, it requests a finding that it is entitled to recover all of its costs expended in this litigation pursuant to Rule 41(d) of the Federal Rules of Civil Procedure, should the Walkers re-file this lawsuit against Braner in the future. Rule 41(d) provides that "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court . . . may order the plaintiff to pay all or part of the costs of that previous action." Fed. R. Civ. P. 41(d). Braner's request under Rule 41(d) is premature in that the Walkers have not yet refiled their case.

The Court has discretion under Rule 41(a)(2) to grant the motion on the condition that, if the Walkers refile this action against Braner, they will be required to pay to Braner its costs and reasonable attorneys' fees incurred in this action. *See Kern v. TXO Prod. Corp.*, 738 F.2d 968, 971-72 (8th Cir. 1984) (payment of fees and costs may be proper condition for dismissal under Rule 41(a)(2)); *New York, C. & St. L. R. Co. v. Vardaman*, 181 F.2d 769, 771 (8th Cir. 1950) ("[P]ayment to the defendant of the expenses and a reasonable attorney fee may properly be a condition for dismissal without prejudice under Rule 41(a) but that omission of such condition is not necessarily an arbitrary act."). To the extent Braner requests that the Court condition dismissal on the payment of costs should the Walkers opt to refile this action, the Court denies the request. Braner has not argued that it will be prejudiced by granting the dismissal and has not shown that the costs it has incurred to date will not benefit Braner if the action is filed again. Braner's request for costs is denied without prejudice. If and when the Walkers refile this action against Braner, Braner may renew its request under Rule 41(d).

For good cause shown, the Walkers' motion to dismiss voluntarily is granted (Dkt. No. 28), and their claims against defendants are dismissed without prejudice.  This dismissal renders moot Braner's third-party complaint against Lomanco and Mr. Smith for contribution, apportionment of fault, and/or indemnity.  Accordingly, Braner's third-party complaint is dismissed without prejudice.

SO ORDERED this the 8th day of May, 2014.

*/s/ Kristine G. Baker*
Kristine G. Baker
United States District Judge